UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-61541-SMITH/VALLE

BOBBY D. MCDANIEL, II,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff Bobby D. McDaniel, II's Unopposed Motion and Petition for Attorney's Fees Under the Equal Access to Justice Act (the "EAJA"), pursuant to 28 U.S.C. § 2412(d) (the "Motion") (ECF No. 17), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

Upon Defendant's unopposed motion, the District Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 12, 13). Upon remand, the Commissioner issued a Final Decision in Plaintiff's favor. *See generally* (ECF Nos. 14, 14-1). Subsequently, the District Court reopened the case, affirmed the Commissioner's Final Decision, and issued a Final Judgment in Plaintiff's favor. *See generally* (ECF Nos. 15, 16). Plaintiff now seeks an award of his attorney's fees under the EAJA, and Defendant does not oppose the Motion. *See generally* (ECF No. 17).

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially

---

[1] Kilolo Kijakazi has been appointed as Acting Commissioner of Social Security. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Here, Plaintiff asserts (and Defendant does not dispute) that he is the prevailing party, and argues that Defendant's position was not substantially justified and that no special circumstances exist that would render a fee award unjust. *See* (ECF No. 17 at 13-14). The only remaining issue, therefore, is whether Plaintiff's requested attorney's fees are reasonable.

## I.     ATTORNEY'S FEES

Plaintiff seeks an award of $836.70 in attorney's fees. (ECF No. 17 at 1, 11, 14). The attorney's fees result from 3.7 hours of work performed by attorney Mark Zakhvatayev at a rate of $217.54 for 2021 and $238.75 for 2022.[2] *See* (ECF No. 17 at 3, 10-11); *Muga v. Comm'r of Soc. Sec.*, 5:20-CV-00445-MTT-CHW, 2023 WL 2002074, at *1 (M.D. Ga. Jan. 25, 2023) (approving EAJA hourly rate at $217.54 for work performed in 2021). Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts (and Defendant does not dispute) that the attorney's fee rates he seeks are supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit. *See* (ECF No. 17 at 8-10).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF No. 17 at 6-8, 10-11), the undersigned finds that Plaintiff's request for attorney's fees is reasonable.[3] *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar

---

[2] Although Plaintiff requests that the Court apply the EAJA hourly rate for 2021 and 2022, Plaintiff seeks reimbursement for hours worked in 2021 and 2023. *See* (ECF No. 17 at 3, 10-11).

[3] To summarize, Attorney Zakhvatayev has been a member of the Florida Bar since 2010, specializing in Social Security disability law. *See* (ECF No. 17 at 6-7). Attorney Zakhvatayev has substantial litigation experience practicing at the administrative and federal district court levels. *See id*. at 7-8.

services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same).

## II.  RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 17) be **GRANTED**.  Plaintiff should be awarded **$836.70** in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on April 25, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Rodney Smith
Counsel of Record

3