UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-61541-SMITH/VALLE

BOBBY D. MCDANIEL, II,

    Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Unopposed Petition and Memorandum in Support for Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion") (ECF No. 20). United States District Judge Rodney Smith has referred the matter to the undersigned for appropriate disposition. *See* (ECF No. 2); *see also* 28 U.S.C. § 636(c). After due consideration of the Motion, and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

On March 29, 2023, the Court affirmed the Commissioner's final and fully favorable decision, finding Plaintiff disabled under the Social Security Act, and entered final judgment in favor of Plaintiff. *See* (ECF Nos. 15, 16). Thereafter, Plaintiff sought $836.70 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (the "EAJA"). *See* (ECF No. 17). On May 5, 2023, the Court adopted the undersigned's Report and Recommendation that the request for fees be granted and awarded Plaintiff the full amount requested. *See* (ECF Nos. 18, 19).

In the instant Motion, Plaintiff's counsel seeks $6,170.25 in attorney's fees under a contingent-fee agreement with Plaintiff, which represents 12.5% of Plaintiff's past-due benefits of $49,668.00.  (ECF No. 20 at 5); *see also* 42 U.S.C. § 406(b)(1)(A) (authorizing a reasonable fee award "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled").  The Motion also states that if the requested fees are granted, counsel for Plaintiff will refund the previously awarded EAJA fees of $836.70 directly to Plaintiff.  (ECF No. 20 at 3, 6); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (alteration in original) (citation omitted).  Defendant does not oppose the Motion.  (ECF No. 20 at 3).

After a careful review of the record, the case law on contingency fee arrangements in Social Security cases, counsel's hours, reputation, and experience, *see id.* at 15, and considering that the Motion is unopposed, the undersigned finds that Plaintiff's request for attorney's fees is reasonable and should be granted.[1]  *See Gisbrecht*, 535 U.S. at 807-09 (holding that, under § 406(b), courts must review proposed contingent-fee awards for reasonableness); *see also Guilliams v. Comm'r Soc. Sec. Admin.*, No. 16-CV-62762, ECF No. 31 (S.D. Fla. Oct. 14, 2021) (awarding counsel 25% of plaintiff's past-due benefits); *Sterling v. Astrue*, No. 09-CV-60337, 2010 WL 3658994, at *3 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted*, 2010 WL 3658943 (S.D. Fla. Sept. 15, 2010) (recommending award of attorney fees, pursuant to 42 U.S.C. § 406(b), totaling 25% of plaintiff's back due benefits); *Justice v. Acting Comm'r of Soc. Sec. Admin.*, No.

---

[1] Plaintiff is represented by attorney Mark Zakhvatayev.  Attorney Zakhvatayev has been licensed to practice law in Florida since 2010 and has specialized in the area of Social Security law for more than 12 years.  *See* (ECF No. 20 at 15); *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=86609 (last visited December 20, 2023).

17-CV-60633, 2020 WL 3035231, at *1 (S.D. Fla. June 5, 2020) (awarding $16,146 in attorney's fees under 42 U.S.C. § 406(b)).

## RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Petition and Memorandum in Support for Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 20) be **GRANTED** as set forth below.

1. Plaintiff's counsel should be awarded $6,170.25 in attorney's fees, payable from the past-due benefits awarded to Plaintiff by the Commissioner; and

2. Within 30 days after receiving these fees, Plaintiff's counsel shall return directly to Plaintiff $836.70 in attorney's fees previously awarded under the EAJA.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on December 20, 2023.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record